### George Kopf, Appellee, v. Amos Yordy, Appellant.

### Gen. No. 6,431.   (Not to be reported in full.)

Appeal from the Circuit Court of Stephenson county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 16, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by George Kopf, plaintiff, against Amos Yordy, defendant, to recover on a promissory note for $1,500, due in one year with interest at 6 per cent. in-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dorsed by defendant at the time of its execution by the makers. From a judgment for the plaintiff on general demurrer to defendant's second, third and fourth additional pleas, defendant appeals.

For the decision on a prior appeal, see 200 Ill. App. 409.

WILLIAM N. CRONKRITE, ROBERT A. HUNTER and R. J. CARNAHAN, for appellant.

R. R. TIFFANY, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 327*—*what is not legal defense to indorser of note at time of execution by makers.* The failure of the payee of a note secured by an unrecorded trust deed to redeem from a sheriff's sale under a subsequent recorded trust deed is not, as a matter of law, a legal defense to an indorser on the note at the time it was executed by the makers in an action against him as such indorser.

2. BILLS AND NOTES, § 333*—*when loss of indorser due to failure of payee to record trust deed may be offset in action by payee.* Where the payee of a note holding a trust deed as security therefor failed to record the deed and the property involved was sold under a subsequent recorded trust deed, *held* that in an action against an indorser on the note at the time of its execution by the makers, the indorser might plead in offset the extent of any loss by him due to the payee's neglect in recording the trust deed held by him.

3. BILLS AND NOTES, § 460*—*when reason for failing to record trust deed securing note is question for jury.* In an action by the payee of a note secured by a trust deed against one indorsing the note at the time of the execution thereof by the maker, *held* that whether plaintiff failed of his own accord to record the deed of trust or because of defendant's request was a question for the jury.

4. APPEAL AND ERROR, § 1411*—*when finding of jury not disturbed.* Evidence *held* insufficient to warrant the finding that the jury

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

should have found for defendant instead of for plaintiff on a sharply controverted question of fact between them.

5. BILLS AND NOTES, § 431*—*when admission of parol evidence in action against indorser of note is not error.* Evidence of a conversation taking place at the time defendant signed a note as indorser, not admitted for the purpose of varying or changing the character of defendant's liability or legal obligation as indorser and not having that effect, was properly submitted to the jury under an instruction that defendant assumed by signing his name the obligation of an indorser and that such obligation could not be changed by parol evidence, in an action against the indorser.

6. INSTRUCTIONS, § 10*—*number of on same point.* The court is not bound to give more than one instruction on the same point.

7. BILLS AND NOTES, § 277*—*what is effect of note falling due on Sunday as to time of making demand of payment.* An instruction that defendant would be released as indorser on the note sued on and due and payable in one year from date, if plaintiff failed to exhibit the note and demand payment from the makers on the purported date of maturity, *held* properly refused where the evidence showed that the latter date was Sunday, as under the statute the note became due the day following and demand could be legally made on that or on the next day.